# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

ELAINE G. CROSS,                  )
                                  )
      Plaintiff,            )
                                  )
vs.                               )   NO. CIV-13-813-D
                                  )
CAROLYN W. COLVIN, Acting         )
  Commissioner, Social Security  )
  Administration,                )
                                  )
      Defendant.            )

**O R D E R**

Pursuant to 42 U. S. C. § 405(g), Plaintiff brought this action for judicial review of the final decision of Defendant Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's application for disability insurance and supplemental security income benefits under the Social Security Act. The matter was referred to United States Magistrate Judge Gary M. Purcell for proceedings in accordance with 28 U. S. C. § 636(b)(1)(B) and (C).

On July 11, 2014, the Magistrate Judge filed a Report and Recommendation [Doc. No. 19] in which he recommended that the Commissioner's decision be affirmed. Because Plaintiff timely objected to the Report and Recommendation [Doc. No. 20], the matter is reviewed *de novo. See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b)(3).

**I.**    **Governing Standard**

This Court's review of the Commissioner's decision is limited. The Court must determine only "whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence." *Knight ex rel. P.K. v. Colvin*, 756 F.3d 1171, 1175 (10th Cir. 2014). Substantial evidence is "more than a scintilla, but less than a

preponderance." *Id*. (citation omitted). A decision is not supported by substantial evidence if it is "overwhelmed by other evidence in the record." *Id*. (citation omitted).

## II. Discussion

At the first through third steps of the sequential evaluation process, the ALJ determined that Plaintiff has severe impairments due to obesity, hepatitis C and post cerebrovascular accident, and that these impairments do not meet or equal the requirements of an impairment which is deemed disabling *per se*. At step four, the ALJ concluded Plaintiff has the residual functional capacity (RFC) to perform light work, but with a number of restrictions including restrictions on climbing, no balancing, kneeling, crouching or crawling, and only occasional stooping. The ALJ found that Plaintiff is not capable of performing her previous jobs. At step five of the analysis, the ALJ found, based on the medical evidence, testimony, and the vocational expert's testimony, that Plaintiff has the RFC to perform other jobs available in the national economy.

In seeking this Court's review of the denial of her application, Plaintiff raised the following issues: (1) the ALJ improperly assessed the credibility of Plaintiff's friend, Petra Taylor, regarding Plaintiff's limitations as set forth in a Third Party Function Report; (2) the ALJ did not conduct a proper credibility analysis when rejecting Plaintiff's subjective complaints of pain; and (3) the ALJ erred in making the RFC determination because she did not include any limitations with respect to Plaintiff's back pain or left arm weakness.

The Magistrate Judge addressed each of these claims in detail in the Report and Recommendation. The Court has reviewed the objections in light of the evidence and the governing law, and agrees with the Magistrate Judge that there was no error in the ALJ's analysis of these issues and that substantial evidence supports the conclusions reached.

In her objection, Plaintiff challenges the Magistrate Judge's conclusion that the ALJ properly considered the whole report of Ms. Taylor. Plaintiff contends, instead, the ALJ discussed only evidence favorable to the decision and failed to discuss significantly probative evidence that was rejected, relying on *Blea v. Barnhart*, 466 F.3d 903, 915 (10th Cir. 2006). The Magistrate Judge specifically addressed *Blea,* and fully set forth reasons demonstrating the ALJ's proper consideration of Ms. Taylor's report. Plaintiff's claim of error is without merit.

Plaintiff's remaining objections relate to the ALJ's determinations regarding Plaintiff's back impairments. The Magistrate Judge found the ALJ's failure to include Plaintiff's back impairment as a severe impairment at step two did not constitute error, relying on the fact that the mere presence of a condition is not sufficient to establish a severe impairment. *See* Report and Recommendation at p. 9 (*citing Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir. 1997)). The Magistrate Judge further determined that the ALJ properly considered limitations due to back pain in making the RFC determination at step four.

In objecting to the Magistrate Judge's recommendation, Plaintiff principally relies on the medical records of Dr. Acosta, a consultative examiner. Plaintiff contends these records establish more than just the presence of degenerative disc disease and demonstrate that this impairment significantly limits her physical ability to do basic work activities. *See* Plaintiff's Objection at pp. 5-7.

Plaintiff's claim of error at step two lacks merit. The finding at step two is a threshold determination. *See Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988). Even where an impairment is not severe, the ALJ must still address the impairment at step four when assessing a claimant's RFC. *See* 20 C.F.R. §§ 404.1520(e); 404.1545(a)(2); 416.920(e); 416.945(a)(2).

The Magistrate Judge addressed Dr. Acosta's records in the context of the ALJ's step four determination. As the Magistrate Judge correctly determined, the ALJ did not ignore Plaintiff's limitations due to back pain, but included specific exertional limitations in making the RFC determination. Thus, even if the ALJ had erred in failing to find that Plaintiff's back impairments are severe at step two, Plaintiff fails to show how any such error ultimately impacted the ALJ's decision. As the Magistrate Judge further determined, "Dr. Acosta's report of his consultative physical examination of Plaintiff is not in conflict with the RFC finding." *See* Report at p. 11. The Magistrate Judge specifically cited Dr. Acosta's finding that Plaintiff "exhibited a 'stable gait at a slow speed without use of assistive devices' and that she could move 'all extremities well.'" *See* Report at p. 11 (*citing* Administrative Record at 1277).

Plaintiff further contends the Magistrate Judge erred in upholding the ALJ's determination that since Plaintiff's onset date (December 19, 2008), Plaintiff had undergone "routine and conservative treatment." Plaintiff mostly cites medical evidence before the onset date. While Plaintiff also relies on the fact that she was at times taking pain medication for her back after the onset date and that two doctors, Dr. Brittingham and Dr. Acosta, had noted her back pain, this evidence does not demonstrate any error in the ALJ's assessment. As the Magistrate Judge determined, Plaintiff's medical records fail to demonstrate ongoing treatment for a back-related impairment or pain symptoms. Moreover, other medical evidence of record, including the consultative reports of Dr. Lawton and Dr. Danaher, supported discounting Plaintiff's subjective complaints of pain.

Finally, Plaintiff contends the Magistrate Judge improperly characterized her RFC challenge as solely based on a failure to include a limitation regarding Plaintiff's left upper extremity. But

contrary to Plaintiff's claim, the Magistrate Judge additionally analyzed issues regarding Plaintiff's back pain in upholding the ALJ's RFC assessment.

**III.     Conclusion**

In sum, Plaintiff's objections invite the Court to reweigh the evidence. This the Court cannot do. Instead, as set forth above, the Court's role is limited to determining whether substantial evidence supports the ALJ's decision. *See Knight*, 756 F.3d at 1176. The Magistrate Judge correctly concluded that the ALJ's decision is supported by substantial evidence and no legal error has been presented.

Accordingly, the Court finds that the Report and Recommendation [Doc. No. 19] should be, and is, adopted as though fully set forth herein. The decision of the Commissioner is affirmed, and Plaintiff's application for benefits is denied.

IT IS SO ORDERED this 26th day of September, 2014..

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE